UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER HIRAM CANO,

                          Plaintiff,

        -against-

ILYA KHARKOVER, et al.,

                         Defendants.

1:22-cv-10557 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

Plaintiff,[1] who is currently detained in the George R. Vierno Center on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated her rights under federal and state law. *See generally* ECF No. 1 ("Compl."). By order dated December 21, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. *See* ECF No. 4.[2] For the following reasons, the Court dismisses Plaintiff's claims against Bronx County Assistant District Attorney Ilya Kharkover ("Kharkover") and New York City Department of Correction ("DOC") Commissioner Louis Molina ("Molina"), and requests that the remaining Defendants waive service of summons.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

---

[1] Plaintiff identifies as transgender and uses the female pronoun. *See* ECF No. 1 at 16.
[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest arguments that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

## DISCUSSION

**A.   Claims against Kharkover**

Prosecutors are immune from civil suits for damages based on acts committed within the scope of their official duties where the challenged acts are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach, which looks to the nature of the function performed, not the identity of the actor who performed it" (internal citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Seun Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that prosecutors' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and the prosecutors were therefore shielded by absolute immunity).

Here, Plaintiff's claims against Kharkover are based on actions within the scope of Kharkover's official duties as an assistant district attorney and associated with the conduct of a potential trial. *See generally* Compl. Plaintiff's claims against Kharkover are therefore dismissed because they seek monetary relief against a defendant who is immune from such

relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 n.2 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process" (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991)).

**B.     Claims against Molina**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995))). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Molina was personally involved in the events underlying her claims. Plaintiff's claims against Molina in his individual capacity are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent that Plaintiff seeks to sue Molina in his official capacity as DOC Commissioner, those claims would be redundant of Plaintiff's claims against the City of New York. When a plaintiff brings both an official-capacity claim against an individual and a claim

against the government entity, courts often dismiss the official-capacity claim as redundant. *See Castanza v. Town of Brookhaven*, 700 F. Supp. 2d 277, 284 (E.D.N.Y. 2010) ("Based upon the understanding that it is duplicative to name both a government entity and the entity's employees in their official capacity, courts have routinely dismissed corresponding claims against individuals named in the official capacity as redundant and an inefficient use of judicial resources." (internal citation omitted)). The Court therefore dismisses any official-capacity claims Plaintiff may be asserting against Molina as duplicative of her claims against the City of New York.

**C.    Waiver of Service**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this Order. The Court requests that the City of New York; Warden J. Renee; Deputy Chief Patricia Feeney; Deputy Tindal; Captains Gainus, Johnson, Davis, and Guan; and Correction Officers McNeil, Kenol, Crowell, Sam, and Lawrence waive service of summons.

**D.    Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within **120 days of service of the Complaint**, Defendants must serve responses to these standard discovery requests. *See* Local Civ. R. 33.2(d). In their responses, Defendants must quote each request verbatim. *See id.*[3]

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

## CONCLUSION

The Court dismisses Plaintiff's claims against Kharkover because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i).  *See Collazo*, 656 F. 3d at 134 n.2.

The Court dismisses Plaintiff's claims against Molina for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is respectfully directed to electronically notify the New York City Department of Correction and the New York City Law Department of this Order.  The Court requests that Defendants City of New York; Warden J. Renee; Deputy Chief Patricia Feeney; Deputy Tindal; Captains Gainus, Johnson, Davis, and Guan; and Correction Officers McNeil, Kenol, Crowell, Sam, and Lawrence waive service of summons.

Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 445 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail this Order and an information package to *pro se* Plaintiff.

Dated:   February 15, 2023
         New York, New York

                             SO ORDERED.

                             *Jennifer Rochon*
                             JENNIFER L. ROCHON
                             United States District Judge