UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER HIRAM CANO,

                        Plaintiff,

-against-

CITY OF NEW YORK et al.,

                        Defendants.

Case No. 1:22-cv-10557 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

Plaintiff,[1] currently incarcerated and proceeding *pro se*, brought this case against the City of New York; Warden J. Renee; Deputy Chief Patricia Feeney; Deputy Tindal; Captains Gainus, Johnson, Davis, and Guan; Correction Officers McNeil, Kenol, Crowell, Sam, and Lawrence, (collectively, "Defendants"); Assistant District Attorney Ilya Kharkover; and Commissioner of the New York City Department of Correction Louis Molina. Dkt. 1. Plaintiff alleges that Defendants violated her rights under federal and state law. *Id.* The Court addresses several outstanding motions.

## BACKGROUND

Plaintiff commenced this action on December 12, 2022. *See id.* In brief, Plaintiff alleges that she was placed on lockdown based on a "false court order" that "might [have] been typed by the prosecutor himself or correctional officers on his behalf," *id.* at 5-6, and that she has experienced various deprivations of her rights while incarcerated, *see id.* at 5-13. The "false court order" to which Plaintiff refers is the December 16, 2021 order of the New York Supreme Court, Bronx County in *People v. Cano*, Indictment Nos. 200/2021 & 632/2021. *See* Dkt. 32-1

---

[1] Plaintiff identifies as transgender and uses female pronouns. *See* Dkt. 1 at 16.

at 5 (the "Lockdown Order"). In the Lockdown Order, the state court found that Plaintiff "pose[d] a continuing, significant risk to the safety of individuals in the custody of the New York City Department of Correction" and that "the imposition of . . . restrictive conditions of confinement" was therefore "essential." *Id.* The state court ordered "the New York City Department of Correction or whoever shall have supervision or control of" Plaintiff to "prevent [Plaintiff] by any means necessary, including twenty-four hour lockdown, from having any contact with other inmates; from having any visits other than with [her] attorney . . . ; from any movement and transportation without an escort of the Department of Correction; from leaving [her] cell to attend any and all services (including religious services); and allowing for any and all other restrictions necessary for safety and security purposes." *Id*.

While the present case was pending, Cano filed an Article 78 proceeding in New York Supreme Court, Bronx County. As a result of the Article 78 proceeding, the Lockdown Order was vacated on September 8, 2023. *See* Dkt. 40 at 12.

## DISCUSSION

The Court will now address several pending motions. Because Plaintiff is *pro se*, the Court "liberally construe[s]" her submissions and reads them "to raise the strongest arguments they suggest." *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022) (per curiam) (citation omitted).

### I. Plaintiff's Motion for Reconsideration

Plaintiff originally brought her claims against "Ilya Kharkover, Assistant District Attorney" and "Louis Molina, Commissioner of NYC Dept. of Correction," in addition to the Defendants. *See* Dkt. 1. The Court *sua sponte* dismissed Plaintiff's claims against Kharkover and Molina on February 15, 2023. *Cano v. Kharkover*, No. 22-cv-10557 (JLR), 2023 WL 2022343, at *1-2 (S.D.N.Y. Feb. 15, 2023) ("*Cano I*"). As relevant here, the Court explained

2

that it dismissed the claims against Kharkover because "[p]rosecutors are immune from civil suits for damages based on acts committed within the scope of their official duties where the challenged acts are not investigative in nature but, rather, are 'intimately associated with the judicial phase of the criminal process,'" and "Plaintiff's claims against Kharkover were based on actions within the scope of Kharkover's official duties as an assistant district attorney and associated with the conduct of a potential trial." *Id.* at *1 (quoting *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012)).

The Court subsequently received two related filings from Plaintiff, one entitled a "Motion for Reconsideration . . . [and] to Compel Joinder," Dkt. 39 at 1, and one entitled a "Motion [t]o Compel Joinder" and "[f]or Reconsideration," Dkt. 40 at 2, 5. Both filings seek the same relief: reconsideration of the Court's dismissal of Kharkover from this action in *Cano I*.[2] Plaintiff makes two arguments for reconsideration. First, she argues that she seeks injunctive and declaratory relief against Kharkover, rather than monetary damages, and therefore Kharkover is not immune from suit. *See* Dkt. 39 at 2. Second, she argues that Kharkover is not entitled to immunity because his actions did not relate to a prosecution or judicial proceeding. *See id.* at 3. The Court will address each argument in turn.

As a threshold matter, the Court notes that a "motion for reconsideration is an extraordinary request that is granted only in rare circumstances." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019). It "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation marks and citation omitted). "[R]econsideration will generally be denied unless the

---

[2] Plaintiff does not contest the Court's dismissal of Molina.

3

moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk*, 935 F.3d at 54 (citation omitted). Whether to grant a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

As noted, Plaintiff's primary argument in support of reconsideration is that she "is not seeking monetary relief from . . . Kharkover but rather is seeking 'Declaratory and Injunctive relief' against this defendant." Dkt. 39 at 2; *see* Dkt. 40 at 5 (Plaintiff requesting that the Court "reinstate . . . Kharkover as a party defendant in this action, on the ground that the Plaintiff was not seeking monetary relief from this defendant but was only seeking declaratory and injunctive relief"). As to the ultimate relief sought, in one of her filings, Plaintiff states that she seeks "to restrain . . . Kharkover from continuing to enforce a[n] invalid court order lockdown." Dkt. 40 at 7. In her other filing, she states that she seeks: "(a) an injunction against . . . Kharkover restraining him from practicing law in the State of New York . . . ; (b) an injunction prohibiting . . . Kharkover from remaining in public office . . . ; (c) an injunction prohibiting and restraining . . . Kharkover of his liberty for committing the crimes complained of herein; (d) a declaration for a specific performance ordering the defendants to 'IMMEDIATELY' rehouse the Plaintiff in either Transgender Housing Unit (T.H.U.), protective custody[,] or mental health housing unit at the female facility . . . ; (e) a declaration that defendants['] conduct injured Plaintiff and violated her constitutional rights . . . ; (f) an order granting an immediate investigation into the Plaintiff's complaints made herein and holding defendants criminally and civilly liable . . . ; [and] (g) a permanent injunction barring defendants . . . from engaging in any

4

conduct violating the laws herein and the Plaintiff's constitutional and civil rights." Dkt. 39 at 12-13.

It is true that "[i]f a complaint 'alleges an ongoing violation of federal law and seeks relief properly characterized as prospective,' then such injunctive or declaratory relief is not barred by immunity." *Li v. Lorenzo*, 712 F. App'x 21, 23 (2d Cir. 2017) (summary order) (quoting *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)); *accord Vega v. Semple*, 963 F.3d 259, 281 (2d Cir. 2020) ("[S]uits for prospective relief against an individual acting in his official capacity may be brought to end an ongoing violation of a federal law."). However, Plaintiff does not seek available "prospective relief . . . to end an ongoing violation of a federal law," *Vega*, 963 F.3d at 281, as shown below.

Some of Plaintiff's requests for injunctive relief seek relief that has already been provided to Plaintiff. Plaintiff "seeks to restrain . . . Kharkover from continuing to enforce a[n] invalid court order lockdown," Dkt. 40 at 7, and requests alternative housing, *see* Dkt. 39 at 13. But a state court has already vacated the Lockdown Order, *see* Dkt. 40 at 11-12, and Plaintiff was provided protective custody and rehoused in September 2023, Dkt. 50 ¶¶ 7-9. Plaintiff does not assert that Kharkover continues to take any actions to enforce the now-vacated Lockdown Order, or that Kharkover has taken any action to return her to the previous housing assignment to which she objected. *See generally* Dkts. 39, 40. Therefore, with respect to these requests, Plaintiff does not seek prospective injunctive relief from ongoing violations of federal law. *See Vega*, 963 F.3d at 281.

Plaintiff also lacks standing to raise some of her other asserted requests for injunctive relief. Specifically, Plaintiff seeks to "restrain[] . . . Kharkover of his liberty for committing the crimes complained of" and to obtain "an order granting an immediate investigation into the

5

Plaintiff's complaints made herein and holding defendants criminally . . . liable." Dkt. 39 at 13. Through these requests, Plaintiff essentially seeks criminal investigation and prosecution. However, Plaintiff cannot initiate an investigation or prosecution in this Court because such decisions are "solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981) (per curiam). Claims for such relief against Kharkover must therefore be dismissed, regardless of whether Kharkover is entitled to immunity. *See FEC v. Cruz*, 596 U.S. 289, 299 (2022) ("[P]laintiffs must establish standing separately for each claim that they press and each form of relief that they seek.").

With respect to Plaintiff's other requests, she does not credibly assert "an ongoing violation of federal law and seek[] relief properly characterized as prospective." *Verizon Md.*, 535 U.S. at 635 (citation omitted). Plaintiff seeks a declaration that Defendants are "civilly liable" and that Defendants' "conduct injured Plaintiff and violated her constitutional rights," and "a permanent injunction barring defendants . . . from engaging in any conduct violating the laws herein and the Plaintiff's constitutional and civil rights." Dkt. 39 at 13. The first two of these requests relate only to injuries stemming from past conduct. As to the third request, Plaintiff does not plausibly allege that Kharkover is engaged in any ongoing violations of federal law, because Plaintiff's allegations with respect to Kharkover are based only on the claim that he sought and previously enforced the since-vacated Lockdown Order. Therefore, none of Plaintiff's allegations speaks to plausible threats of future violations of federal law. Kharkover is thus immune from the relief sought against him. *See Li*, 712 F. App'x at 23 (suit seeking a declaration that state officials "must obey state court orders" was barred by immunity because plaintiff "alleged injuries stemming only from past conduct with no plausible threat of future violations"). Similarly, with respect to Plaintiff's proposed requests for an injunction barring

6

Kharkover from practicing law and from remaining in public office, Plaintiff makes no credible assertions of ongoing violations of federal law caused by Kharkover practicing law and remaining in public office. *See Vega*, 963 F.3d at 281. Therefore, these claims too are barred by immunity.

      Plaintiff also briefly argues that, because Kharkover "illegally underwent 'judge shopping and/or forum shopping'" and "committed . . . perjury to obtain" the Lockdown Order, Kharkover's actions in seeking and enforcing the Lockdown Order did not relate to a prosecution or judicial proceeding and, therefore, Kharkover is not entitled to immunity. Dkt. 39 at 3 (emphasis omitted); *see also* Dkt. 40 at 7. This argument for reconsideration also fails. Plaintiff's allegations that Kharkover committed judge shopping, forum shopping, and perjury to obtain the Lockdown Order are entirely conclusory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Moreover, "prosecutorial decisions" generally benefit from a "presumption of regularity," and "in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (citation omitted); *accord United States v. Williams*, 701 F. Supp. 3d 257, 264-65 (S.D.N.Y. 2023); *see Hernandez v. United States*, 939 F.3d 191, 204 (2d Cir. 2019) (at the pleading stage, "the standard is plausibility, not 'clear evidence'"). Particularly in light of the presumption of regularity, Plaintiff does not plausibly allege that Kharkover committed forum shopping, judge shopping, or perjury, and therefore acted outside the scope of his prosecutorial duties when he obtained the Lockdown Order. Thus, this argument for reconsideration is also meritless.

7

For these reasons, Plaintiff's motion for reconsideration is denied and claims against Kharkover remain dismissed.

## II. Defendants' Motion to Dismiss

Defendants moved to dismiss this action on October 16, 2023. Dkts. 31-33. Plaintiff has not opposed Defendants' motion to dismiss, despite being ordered to do so multiple times by the Magistrate Judge. *See* Dkt. 44 at 2-3; Dkt. 47 at 2. Instead, on June 5, 2024, she filed a motion to supplement her complaint, Dkt. 45 at 4, a document captioned "Supplemental Complaint," *id.* at 5-13 (further capitalization omitted), and what appears to be a supporting declaration, *id.* at 14-18. The Magistrate Judge construed pages 5 through 13 of that document as Plaintiff's supplemental complaint. Dkt. 47. Therefore, Plaintiff's operative complaint in this action now consists of the document filed at Dkt. 1, as supplemented by Dkt. 45 at 5-13 (the "Supplemental Complaint"), although Plaintiff's claims against Kharkover and Molina remain dismissed. Given that the Court has granted Plaintiff's request to supplement her complaint, Defendants' motion to dismiss the original complaint is denied without prejudice as moot. Defendants must respond to Plaintiff's complaint, as amended, no later than September 30, 2024. Defendants' July 30, 2024 letter requesting leave to supplement their briefing in support of their motion to dismiss is similarly denied as moot. Should Defendants choose to respond to Plaintiff's supplemental complaint via a motion to dismiss the complaint in its entirety, Defendants should be sure to address each of Plaintiff's asserted claims.

## III. Plaintiff's Request for Preliminary Injunctive Relief

In her Supplemental Complaint, Plaintiff requests "a temporary restrain[ing] order restraining the defendants from housing the Plaintiff in a restrictive confinement unit[] or violent gang unit[] because of her transgender status." Dkt. 45 at 12. Additionally, in her putative declaration, Plaintiff requests preliminary injunctive relief consisting of: (1) an injunction

8

prohibiting Kharkover from practicing law; (2) an injunction prohibiting Kharkover from remaining in public office; (3) an injunction restraining Kharkover "of his liberty"; and (4) an injunction restraining Defendants from "violating the laws herein and the Plaintiff's constitutional and civil rights." *Id.* at 18. Plaintiff also requests a hearing on her motion for injunctive relief. *Id.*

      Plaintiff's request for preliminary injunctive relief is denied. To start, Plaintiff's requests for injunctive relief against Kharkover are denied for the reasons set forth above. As to Plaintiff's request for an injunction restraining Defendants from "violating the laws herein and the Plaintiff's constitutional and civil rights" and from "housing the Plaintiff in a restrictive confinement unit[] or violent gang unit[]," *id.* at 12, Plaintiff appears to have already received the relief sought, given that the Lockdown Order has been vacated and she has been housed in protective custody, *see* Dkt. 50 ¶¶ 7-9. Given this context, the Court also denies Plaintiff's request for an evidentiary hearing because there appears to be no factual issues to resolve. *See Wall v. Constr. & Gen. Laborers' Union*, 80 F. App'x 714, 716 (2d Cir. 2003) (summary order) ("[T]he district court did not abuse its discretion in denying [the] plaintiffs' motion for a preliminary injunction without a hearing" because the plaintiffs "could not demonstrate that an evidentiary hearing would help resolve any factual issues."); *see also Md. Cas. Co. v. Realty Advisory Bd. on Lab. Rels.*, 107 F.3d 979, 984 (2d Cir. 1997) ("[T]here is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it." (citation omitted)).[3]

---

[3] In the same filing, Plaintiff also asks to depose witnesses pursuant to Federal Rule of Civil Procedure 27. Dkt. 45 at 21. Rule 27 establishes a means to obtain pre-suit deposition testimony or deposition testimony pending appeal. Given that this action is neither pre-suit nor pending appeal, a Rule 27 deposition is not appropriate.

In sum, to the extent that Plaintiff seeks injunctive relief based on the Lockdown Order and her previous housing assignment, her request is denied.[4]

### IV. Plaintiff's Request for Recusal

Plaintiff next requests recusal of the undersigned from this case. Dkt. 45 at 1-3. Plaintiff asserts that the Court "favor[s] the interests of the [D]efendants" because it allowed Defendants to make a motion to revoke her *in forma pauperis* status and because it did not immediately grant her requests for preliminary injunctive relief. *Id.*

Plaintiff's motion for recusal is denied. Plaintiff has not pointed to any facts from which a "reasonable person, knowing all the facts," would conclude that the impartiality of the undersigned "could reasonably be questioned." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992). As a threshold matter, Defendants' motion to revoke Plaintiff's *in forma pauperis* status was denied. Dkt. 26. Even if the Court had granted Defendants' IFP motion, that would not have been a sufficient basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Additionally, although the Plaintiff is dissatisfied that the Court ruled on Defendants' motion to revoke her *in forma pauperis* status before ruling on her request for injunctive relief, the Court notes that Plaintiff appeared before the Magistrate Judge in November 2023 and reported that the state court had already vacated the Lockdown Order and that her housing assignment had already been changed, which were the primary forms of injunctive relief that Plaintiff sought in this action. During that conference, Plaintiff informed the Magistrate Judge that she wished to present the Court with *new* allegations and to make *new* motions. The Court

---

[4] Insofar as Plaintiff sought the same relief on May 30, 2023, such motion is denied for the reasons set forth above.

subsequently received Plaintiff's motions at Dkts. 39 and 40 and now addresses them here. The Court has thus handled all motions filed by Plaintiff to date. The Court understands that Plaintiff, like many litigants, would prefer that her motions be decided immediately. But this Court must balance judicial resources in "manag[ing its] very busy docket[]," *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) (per curiam). In any event, any delay in handling Plaintiff's motions for injunctive relief (which, as described herein, largely sought relief already granted by the state court) "pales in comparison to any delay that would be occasioned by a court's recusal." *Aguinda v. Texaco, Inc.*, 139 F. Supp. 2d 438, 440 (S.D.N.Y. 2000), *aff'd sub nom. In re Aguinda*, 241 F.3d 194 (2d Cir. 2001).

In sum, there is no valid basis for the undersigned to recuse herself.

## CONCLUSION

Plaintiff's motion for reconsideration is DENIED. Defendants' motion to dismiss is DENIED without prejudice to renew. Defendants' motion to supplement their briefing is DENIED as moot. Plaintiff's request for preliminary injunctive relief is DENIED. Plaintiff's request for recusal is DENIED. Defendants must respond to Plaintiff's complaint, as supplemented, no later than September 30, 2024. The Clerk of Court is respectfully directed to CLOSE the motions pending at Dkts. 31, 40, and 52. The Clerk of Court is also respectfully directed to mail this opinion and order to Plaintiff at her address of record.

Dated: August 22, 2024
       New York, New York

                                      SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

11