UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER HIRAM CANO,<br><br>        Plaintiff,<br><br>  -against-<br><br>CITY OF NEW YORK, *et al.*,<br><br>        Defendant. | No. 22-cv-10557 (JLR) (OTW)<br><br>**ORDER OF DISMISSAL** |

JENNIFER L. ROCHON, United States District Judge:

  On December 12, 2022, Plaintiff, proceeding *pro se*, brought this action under 42 U.S.C. § 1983. *See* Dkt. 1. On October 18, 2024, Defendants filed a motion to dismiss Plaintiff's Complaint and Supplemental Complaint. *See* Dkt. 63. After Plaintiff failed to file an opposition by the response deadline and a Court mailing to Plaintiff's address of record was returned as undeliverable, the Court issued an Order on April 21, 2025, extending Plaintiff's deadline to respond to Defendants' motion to May 19, 2025. *See* Dkt. 66. This Order was also returned as undeliverable. Defendants filed a letter on April 25, 2025, informing the Court that "Plaintiff appears to have been remanded into [New York City Department of Correction] custody" at a new address "due to criminal proceedings in Queens Criminal Court." Dkt. 67 at 1. Defendants also represented that counsel "attempted contact by mailing the Court's [April 21, 2025 Order] and a copy of [Defendants'] letter by first-class mail" to Plaintiff's apparent new address. *Id.*

  On June 3, 2025, after Plaintiff failed to provide an updated address, file an opposition to Defendants' motion by the extended deadline, or otherwise communicate with the Court, the Court granted Plaintiff an additional courtesy extension to file an opposition to Defendants' motion no later than July 3, 2025. *See* Dkt. 68. The Court also advised that "'it is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes,

and **the Court may dismiss the action if Plaintiff fails to do so.'**  Continued failure to respond to the motion to dismiss or otherwise contact the Court may also result in dismissal for failure to prosecute or the treatment of the motion as unopposed."  *Id.* at 1-2 (citation omitted) (quoting Dkt. 4 at 2 (Order Granting IFP Application) (Swain, C.J.)).

To date, Plaintiff has not filed an opposition to Defendants' motion to dismiss, and Plaintiff has not communicated with the Court or made any filings since October 7, 2024, when Plaintiff submitted an incorrect or temporary address to the Court, *see* Dkt. 62, more than nine months ago.  As set forth below, the Court dismisses the action without prejudice under Federal Rule of Civil Procedure ("Rule") 41(b).

## DISCUSSION

"'Although not explicitly authorized by Rule 41(b) . . . , a court may dismiss a complaint for failure to prosecute *sua sponte*,' and may do so for failure to prosecute and for failure to follow court orders."  *Lovelace v. Wells Fargo Bank, NA*, 348 F.R.D. 404, 406 (E.D.N.Y. 2025) (quoting *Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) (summary order)).  "Rule 41(b) does not define 'failure to prosecute,' but '[i]t can evidence itself . . . in an action lying dormant with no significant activity to move it . . . .'"  *Lewis v. City of New York*, 762 F. Supp. 3d 290, 301 n.2 (S.D.N.Y. 2025) (alteration in original) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).  "[I]n deciding whether to dismiss for failure to prosecute pursuant to Rule 41(b)," a court must consider "five non-dispositive factors" set forth by the Second Circuit:

> (1) whether the plaintiff's failure to prosecute has caused a significant delay, (2) whether the plaintiff had notice that further delay would result in dismissal, (3) the likelihood that the defendant will be prejudiced by further delay, (4) a balancing of the need to alleviate court calendar congestion against the plaintiff's right to an opportunity for his day in court, and (5) the efficacy of lesser sanctions.

*Jones v. Westchester County*, 182 F. Supp. 3d 134, 146 (S.D.N.Y. 2016) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). "The district court need not discuss each factor on the record but 'a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning.'" *Myparkingtickets.com LLC v. City of New York*, No. 24-cv-00397 (LTS), 2024 WL 1181839, at *1 (S.D.N.Y. Mar. 14, 2024) (quoting *Sanchez v. Dutchess Cnty. Dep't of Cmty. & Fam. Servs.*, No. 21-2408, 2023 WL 3047971, at *1 (2d Cir. Apr. 24, 2023) (summary order)); *accord Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000).

The Court finds that the aforementioned factors weigh in favor of dismissing this case under Rule 41(b). Plaintiff's failure to prosecute has significantly delayed this matter — Defendants' motion to dismiss has been pending without a response for nearly nine months, during which time discovery has also been stayed. And despite being warned that failure to provide an updated mailing address or respond to Defendants' motion by the Court-ordered deadline could result in the dismissal of this case, Plaintiff failed to take any action. *See Blum v. Discover Bank*, No. 20-cv-00199 (KMK), 2021 WL 1964295, at *2 (S.D.N.Y. May 17, 2021) (dismissing case for failure to prosecute where plaintiffs "made no filings for nearly eight months" and failed to comply with court order, and collecting cases); *Capogrosso v. Troyetsky*, No. 14-cv-00381 (KNF), 2015 WL 4393330, at *4 (S.D.N.Y. July 17, 2015) ("[D]ismissal has been found appropriate for a delay as short as two months 'when a party has become completely inaccessible, as accessibility "strongly suggests that [plaintiff] is not diligently pursuing [her] claim."'" (second and third alterations in original) (quoting *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013))); *see also Murray v. Bouck*, No. 19-cv-00317 (MKV), 2020 WL 6381935, at *3 (S.D.N.Y. Oct. 30, 2020) ("As several courts have concluded, 'when a *pro se*

litigant fails to provide the court with notice of a change of address and misses an important deadline as a result of this failure, dismissal may be an appropriate remedy.'" (quoting *Sterdine v. Levine*, Nos. 06-cv-05938, 06-cv-06025 (JS) (ARL), 2009 WL 3334268, at *2 (E.D.N.Y. Oct. 9, 2009))).

Moreover, the Court "presume[s] prejudice" here because "[P]laintiff has become inaccessible for months." *Caussade*, 293 F.R.D at 630 (collecting cases); *see also Lewis*, 762 F. Supp. 3d at 301 n.2 ("The City has extensive litigation in both federal and state courts and is prejudiced to some extent when cases languish."); *Lopez v. Cath. Charities of Archdiocese of N.Y.*, No. 00-cv-01247 (AGS), 2001 WL 50896, at *5 (S.D.N.Y. Jan. 22, 2001) ("Defendant[s] should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit." (quoting *Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99-cv-09311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000))). Given that Plaintiff has been afforded multiple opportunities to provide an updated mailing address and respond to Defendants' motion, the Court finds that "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant[s] by retaining open lawsuits with no activity." *Murray*, 2020 WL 6381935, at *3 (alteration in original) (quoting *Amoroso v. County of Suffolk*, No. 08-cv-00826 (JFB) (ETB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010)); *see also Lewis*, 762 F. Supp. 3d at 301 n.2 ("[T]his District is one of the nation's busiest, and both it and litigants are burdened when the docket is clogged by cases that plaintiffs have neglected."). In any case, "lesser sanctions would simply impose on [D]efendant[s] the burden of continuing to litigate an action that [P]laintiff appears to have abandoned completely." *Lopez*, 2001 WL 50896, at *5; *see*

also *Capogrosso*, 2015 WL 4393330, at *5 ("Although *pro se* plaintiffs are held to a lesser standard with regard to interpreting the law, they are held to the same standard for complying with deadlines and checking the docket sheet.").

## CONCLUSION

For the foregoing reasons, it his hereby ORDERED that this case is DISMISSED without prejudice for failure to prosecute. The Clerk of Court is respectfully directed to terminate the pending motion at Dkt. 63 and close the case.

Dated: July 9, 2025
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge